**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

BRIAN KEITH HARPER,            \*
Reg. #22026-076,                \*
                                   \*
              Petitioner,      \*
v.                               \*          No. 2:20-cv-00048-JJV
                                   \*
DEWAYNE HENDRIX, Warden,    \*
FCI – Forest City Medium,       \*
                                   \*
              Respondent.     \*

## MEMORANDUM AND ORDER

## I.    PROCEDURAL HISTORY

After a jury trial in November 2008 in the United States District Court for the Eastern District of Texas, Petitioner Brian Keith Harper was convicted of one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  *United States v. Harper*, No. 4:07CR00244-RAS-DDB-4, Doc. No. 214.  According to its verdict form, the jury found the quantity of cocaine involved in the conspiracy to be "5 kilograms or more."  *Id*., Doc. No. 182. In reliance on a presentence report finding, based on a co-defendant's statement, that Mr. Harper was responsible for 295.83 kilograms of cocaine, the court sentenced him to 360 months' imprisonment, followed by ten years' supervised release.  *Id*., Doc. Nos. 214, 223 at 9-11.  The United States Court of Appeals for the Fifth Circuit affirmed.  *United States v. Harper*, 369 Fed. App'x 556 (5th Cir. 2010) (per curiam), *cert. denied*, 562 U.S. 892 (2010).

Mr. Harper filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, alleging he received ineffective assistance of counsel at trial and on appeal.  *Harper v. United States*, No. 4:11CV00455-RAS-DDB, Doc. No. 1.  The sentencing court dismissed this

motion; both the sentencing court and the Fifth Circuit denied a certificate of appealability.  *Id.*, Doc. Nos. 13, 17, 18.   Mr. Harper then filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), relying on a retroactive amendment to the United States Sentencing Guidelines that lowered his guideline range.  *United States v. Harper*, No. 4:07CR00244-RAS-DDB-4, Doc. No. 247.   The sentencing court granted this motion, reducing Mr. Harper's sentence from 360 months to 292 months.  *Id.*, Doc. No. 251.

Mr. Harper then filed an application seeking leave from the Fifth Circuit to file a second or successive § 2255 motion.  *In re Brian Keith Harper*, No. 17-40143 (5th Cir. 2017).   He alleged the sentencing court erred in imposing a term of supervised release in excess of five years. *Id.*   The Fifth Circuit denied the application.  *Id.*   Mr. Harper subsequently filed a "Request to Alter, Amend, or Modify Sentence," seeking a reduction for his allegedly minor role in the conspiracy.  *Harper v. United States*, No. 4:16CV00817-RAS-KPJ, Doc. No. 1.   The sentencing court construed this motion as a § 2255 motion and dismissed it for want of jurisdiction, noting the Fifth Circuit had not granted leave for Mr. Harper to file a second or successive motion.  *Id.*, Doc. Nos. 5, 9.

Mr. Harper, an inmate at the Forrest City Medium Federal Correctional Institution, now seeks to vacate, set aside, or correct his sentence through the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1-1.)   He alleges the sentencing court violated his Sixth Amendment rights and *United States v. Booker*, 543 U.S. 220 (2005), by sentencing him based on a finding of a larger drug quantity than what the jury had found.[1]  (*Id.* at 6.)   After

---

[1] According to Mr. Harper, the sentencing court's finding that he was responsible for 295.83 kilograms of cocaine contradicted the jury's finding that he was only responsible for "5-15 kilograms."  (Doc. No. 1-1 at 7.)   But as previously noted, the jury actually found the drug quantity involved in the conspiracy to be "5 kilograms *or more*," not "5-15 kilograms."  (Doc. No. 8-3) (emphasis added).

careful consideration of Mr. Harper's Petition and the Response (Doc. No. 8), I find the Petition

must be dismissed for lack of jurisdiction.

## II.    ANALYSIS

An inmate seeking to challenge the lawfulness of the imposition of his federal conviction

and sentence must generally bring a 28 U.S.C. § 2255 motion to the sentencing court.  *Abdullah*

*v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).   Because a § 2255 motion attacks the validity of

the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter

jurisdiction lies with the convicting and sentencing court.  *Thompson v. Smith*, 719 F.2d 938, 940

(8th Cir. 1983) (per curiam); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in

which the sentence is being carried out, and is properly brought before the court presiding in the

judicial district where the prisoner is incarcerated.  *Matheny v. Morrison*, 307 F.3d 709, 711-12

(8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009).

Mr. Harper's Petition, although filed as one pursuant to § 2241, does not attack the execution of

his sentence but the validity of it.

A petitioner cannot use § 2241 to challenge a conviction or sentence unless he first shows

that § 2255 would be inadequate or ineffective.  *Abdullah*, 392 F.3d at 959.   The requirement that

a petitioner must first demonstrate that § 2255 is inadequate or ineffective comes from § 2255's

savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized
> to apply for relief by motion pursuant to this section, shall not be entertained if it
> appears that the applicant has failed to apply for relief, by motion, to the court which
> sentenced him, or that such court has denied him relief, unless it also appears that
> the remedy by motion is inadequate or ineffective to test the legality of his
> detention.

28 U.S.C. § 2255(e).   As a purely practical matter, it is the burden of the petitioner to demonstrate

that § 2255 relief in the sentencing court would be inadequate or ineffective.   *DeSimone*, 805 F.2d at 323 (citing *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)).   In establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

Mr. Harper states the remedy under § 2255 would be inadequate or ineffective because "(1) there was a fundamental miscarriage of justice in Harper's sentence in violation of the Sixth Amendment; (2) Harper is actually innocent of his over the sentence imposed; and (3) therefore the execution of his sentence is in violation of the law."   (Doc. No. 1-1 at 5.)   Mr. Harper's rationale is insufficient to meet his burden under the savings clause.   It is well settled that "§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand."   *Abdullah*, 392 F.3d at 963 (citing *Hill*, 349 F.3d at 1092).   This is true even when the claim is one of actual innocence.   *Id*. at 960.   Mr. Harper's claim could have been raised in his initial § 2255 motion or in an application requesting leave to file a second or successive § 2255 motion.   He does not allege his claim is based on any previously unavailable and retroactive authority or any newly discovered evidence.

Mr. Harper cannot establish a § 2255 motion would be inadequate or ineffective to test the legality of his sentence.   Accordingly, his § 2241 Petition must be dismissed for lack of

jurisdiction.

## III.     CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Harper's § 2241 Petition for Writ of Habeas

Corpus (Doc. No. 1-1) is DISMISSED.

SO ORDERED this 15th day of June 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE